# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3621NE

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the District of |
| | * | Nebraska. |
| Allan Francisco Alas-Castro, also | * | |
| known as Allan Francisco Castro, | * | [To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 6, 1999

Filed: July 26, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
Judges.

_____

PER CURIAM.


Pursuant to a written plea agreement, Allan Francisco Alas-Castro pleaded guilty
to entering the United States after deportation, without consent from the Attorney
General, in violation of 8 U.S.C. § 1326(a), (b)(2). At sentencing, the District Court[1]
concluded, over Alas-Castro's objection, that his prior Nebraska conviction for sexual

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the
District of Nebraska.

assault of a child constituted an aggravated felony within the meaning of U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (1998), warranting a 16-level enhancement to Alas-Castro's base offense level. The District Court sentenced Alas-Castro to three years and ten months (46 months) of imprisonment and two years of supervised release. On appeal, Alas-Castro renews his argument that his prior conviction was not an aggravated felony. We affirm.

The Guidelines require a 16-level enhancement if an alien illegally reenters the United States after deportation following a conviction for an "aggravated felony." See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (1998). For the definition of aggravated felony, the Commission directs district courts to 8 U.S.C. § 1101(a)(43), see U.S. Sentencing Guidelines Manual § 2L1.2, comment. (n.1) (1998); and section 1101(a)(43) defines aggravated felony in relevant part as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(F). Under 18 U.S.C. § 16, "crime of violence" is, in turn, defined as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Nebraska conviction at issue here--sexual assault of a child--is committed if a person "subjects another person fourteen years of age or younger to sexual contact and the actor is at least nineteen years of age or older." Neb. Rev. Stat. § 28-320.01(1) (1995). Sexual contact is defined, in part, as "the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts . . . for the purpose of sexual arousal or gratification of either party." Neb. Rev. Stat. § 28-318 (1995).

The District Court concluded that, based only on its elements, Alas-Castro's Nebraska offense constituted a crime of violence. We review this determination de novo, see United States v. Rodriguez, 979 F.2d 138, 140 (8th Cir. 1992), and we agree with the District Court that the offense qualifies as a crime of violence: it requires intentional physical contact between an adult 19 years of age or older and a child 14 years of age or younger, and this type of contact between parties of differing physical and emotional maturity carries "a substantial risk that physical force . . . may be used in the course of committing the offense." 18 U.S.C. § 16(b); see United States v. Galvan-Rodriguez, 169 F.3d 217, 219 (5th Cir.) (per curiam) ("when analyzing the operative phrase 'substantial risk,' it is not necessary that '[the risk] must occur in every instance; rather a substantial risk requires a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur'" (alteration and emphasis in original; quoted case omitted)), petition for cert. filed, (U.S. May 20, 1999) (No. 98-9509). We believe this decision is in agreement with courts that have considered the issue. See, e.g., Rodriguez, 979 F.2d at 140-41 (holding Iowa offense of engaging in lascivious acts with children is, "by its nature," crime of violence under § 16(b)); see also United States v. Velazquez-Overa, 100 F.3d 418, 421-22 & n.3 (5th Cir. 1996) (Texas offense of sexual contact with child under age 17 is crime of violence within meaning of § 16(b)), cert. denied, 520 U.S. 1133 (1997); Ramsey v. INS, 55 F.3d 580, 583 (11th Cir. 1995) (per curiam) (Florida offense of lewd assault on child under age 16 is crime of violence even though offense might be accomplished without use of physical force); United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir. 1993) (sexual abuse of child is crime of violence within meaning of § 16(b) because "when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance").

Accordingly, we affirm.

-3-

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.