# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2236

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Carlos Montenegro-Recinos, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: February 15, 2005
Filed: October 4, 2005

———————

Before ARNOLD, BOWMAN, and GRUENDER, Circuit Judges.

———————

ARNOLD, Circuit Judge.

Carlos Montenegro-Recinos pleaded guilty to unlawfully entering the United States after being removed from the country for an aggravated felony, *see* 8 U.S.C. § 1326(a), and was sentenced to fifty-eight months in prison. At sentencing, the district court[1] determined that his earlier state conviction for lewd and lascivious acts upon a fourteen- or fifteen-year-old child, *see* Cal. Penal Code § 288 (c)(1), was a "crime of violence," and the court therefore increased his offense level by sixteen. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). On appeal, Mr. Montenegro-Recinos maintains

———————

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

that his prior conviction warranted only the four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D) for "any other felony." We affirm.

We note initially that after Mr. Montenegro-Recinos was sentenced the Supreme Court held that the Sentencing Reform Act was unconstitutional, and the Court remedied that difficulty in the same opinion by making the sentencing guidelines advisory rather than mandatory. *United States v. Booker*, 125 S. Ct. 738, 758, 764-65 (2005). A district court must nevertheless determine a defendant's guideline sentencing range before passing sentence, and in an appeal from that determination, "we continue to review the district court's findings of fact for clear error and its interpretation and application of the Guidelines *de novo*." *United States v. May*, 413 F.3d 841, 844 (8th Cir. 2005).

Section 2L1.2(b)(1)(A)(ii) required that sixteen levels be added to Mr. Montenegro-Recinos's offense level if he had previously been removed from the country after "a conviction for a felony that is ... a crime of violence." Although Mr. Montenegro-Recinos admits that he was convicted of a felony, he denies that the felony was a crime of violence. In this context, a crime of violence includes "sexual abuse of a minor," *see* U.S.S.G. § 2L1.2 comment. (n.1(B)(iii)), a term not defined by the guidelines. We review *de novo* the district court's determination that Mr. Montenegro-Recinos was subject to the sixteen-level increase because his conviction was for "sexual abuse of a minor." *See United States v. Rodriguez*, 979 F.2d 138, 140 (8th Cir. 1992).

Because the guidelines do not define "sexual abuse of a minor," we give the term its " 'ordinary, contemporary, common meaning,' " *see United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). And we employ a categorical approach to determine whether Mr. Montenegro-Recinos's crime is a crime of violence under the guidelines. *Cf. United States v. Kendrick*, No. 04-3256, 2005 WL 2152307, at *4 (8th Cir. Sept. 8,

2005); *United States v. Frias-Trujillo*, 9 F.3d 875, 877 (10th Cir. 1993).  Under this approach, the court generally looks to the statutory definition of an underlying felony, rather than to the particular facts underlying the relevant conviction.  *See Taylor v. United States*, 495 U.S. 575, 600 (1990).  But if the statute criminalizes both conduct that would qualify a defendant for an enhancement, as well as conduct that would not do so, the court may refer to the charging document, the terms of a plea agreement, jury instructions, or comparable judicial records to determine the basis for a guilty plea or verdict.  *See Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005); *Taylor*, 495 U.S. at 602; *Kendrick*, 2005 WL 2152307, at *4.

The state statute under which Mr. Montenegro-Recinos was convicted prohibits a person from "willfully and lewdly commit[ting] any lewd or lascivious act ... upon or with the body, or any part or member thereof, of a child who is [14 or 15] years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or child," if the person committing the act "is at least 10 years older than the child."  *See* Cal. Penal Code § 288(a), (c)(1).  Because, for reasons that appear below, we think that all of the conduct criminalized by this statutory provision comes within the meaning of "sexual abuse of a minor," we need not examine state judicial records to determine the underlying facts of Mr. Montenegro-Recinos's crime.

The conduct criminalized by § 288(c)(1) was of a sexual nature, and we believe that the ten-year age difference between the victim and the perpetrator, combined with the young age of the victim, establishes the abusive nature of that conduct.  *Cf. United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999).  We have no difficulty concluding, moreover, that a fourteen- or fifteen-year-old child has not reached the age of majority, which is eighteen years of age in most states.  *See United States v. Martinez-Carillo*, 250 F.3d 1101, 1104-05 (7th Cir. 2001), *cert. denied*, 534 U.S. 927 (2001) (and cases cited therein).  Although the term "minor" is not specifically defined in § 2L1.2, other provisions of the sentencing guidelines, including the guideline for "criminal sexual abuse," *see* U.S.S.G. § 2A3.1 comment.

(n.1), repeatedly and consistently define a minor as a person under eighteen years of age. *See, e.g.*, U.S.S.G. §§ 2A3.4 comment. (n.1); 2G2.1 comment. (n.1); *see also* 18 U.S.C. § 2256(1). Thus Mr. Montenegro-Recinos was convicted of sexual abuse of a minor.

We note that Mr. Montenegro-Recinos, himself, "concedes" at one point in his brief that the lascivious acts described in § 288 "probably constitute[] sexual abuse." *Cf. United States v. Alas-Castro*, 184 F.3d 812, 813 (8th Cir. 1999) (per curiam); *United States v. Rodriguez*, 979 F.2d 138, 140-41 (8th Cir. 1992). But he then limits that concession by arguing that whether the lascivious acts are abusive depends upon the age of the minor involved, and that his conviction was not for sexual abuse because § 288(c)(1) prohibits acts against only minors who are fourteen and fifteen years of age.

Mr. Montenegro-Recinos relies, in part, on *United States v. Shannon*, 110 F.3d 382, 386-89 (7th Cir. 1997) (en banc), which suggests that sex crimes with teenage victims of a certain age (it does not set a specific age) should be distinguished from those involving younger children because the older children are less vulnerable and thus less likely to face a threat of physical injury from their assailants. *See also United States v. Thomas*, 159 F.3d 296, 298-300 (7th Cir. 1998). But *Shannon* interpreted a career-offender guideline that is not applicable here, U.S.S.G. § 4B1.2(1), which defines "crime of violence" as any crime that presents "a serious risk of physical injury to another." Our touchstone in the present instance is not the likelihood of physical injury, and we believe that a sex crime that places the victim at serious risk of psychological and emotional injury only can come within the meaning of sexual abuse. *Cf. United States v. Renville*, 779 F.2d 430, 437 (8th Cir. 1985).

We do not mean to say, however, that Mr. Montenegro-Recinos's focus on the age of a child who is acted upon in a sex crime is totally misplaced. If a criminal

statute involves sexual acts upon or with the body of "a child who is 14 or 15 years" and who may or may not have given consent, as does § 288(c), we might well question whether the behavior described would amount to sexual abuse were it engaged in by someone of a similar age. But we believe that the ten-year age difference that § 288(c) requires between the child and the perpetrator places the forbidden conduct squarely within the bounds of sexual abuse. *Cf. Alas-Castro*, 184 F.3d at 813; *Thomas*, 159 F.3d at 299.

Having concluded that Mr. Montenegro-Recinos was previously convicted of sexual abuse of a minor, which is a crime of violence under U.S.S.G. § 2L1.2 comment. (n.1(B)(iii)), we affirm the sentence imposed by the district court.

_____