# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1830
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the District |
| | * of Minnesota. |
| David Lee Anderson, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: September 16, 2005
Filed: March 1, 2006

_____

Before **MELLOY, BEAM, and BENTON, Circuit Judges.**

_____

MELLOY, Circuit Judge.

David Paul Anderson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] found that Anderson had three prior convictions for violent felonies and imposed the mandatory minimum sentence of 180 months under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Anderson appeals, arguing that the district court should not have classified two of his prior convictions as violent felonies. Based upon our de novo review, United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002), we affirm the district court's determination that the prior convictions qualify as violent felonies.

The challenged prior convictions are for Criminal Sexual Conduct in the Second Degree in violation of Minnesota Statutes 609.343(1)(a) (1996). Anderson's Minnesota convictions followed his entry of an Alford plea[2] on two counts of Criminal Sexual Conduct in the Second Degree for conduct that occurred on separate dates and involved separate acts. In section 609.343(1)(a), Minnesota defines Criminal Sexual Conduct in the Second Degree as sexual contact with a complainant under the age of 13 years by an actor more than 36 months older than the complainant. Minnesota defines sexual contact as "the intentional touching by the actor of the complainant's intimate parts" directly or through "the clothing covering the immediate area of the intimate parts" if the touching occurs with "sexual or aggressive intent." Minn. Stat. 609.341(11)(a) (1996).

Anderson argues first that the district court improperly used Minnesota's statutory definition for Criminal Sexual Conduct in the First Degree when analyzing the applicability of § 924(e). He also argues that the statutory definition for Criminal Sexual Conduct in the Second Degree is not a violent felony under § 924(e). Because our review is de novo and because we find that the statutory definition for Criminal Sexual Conduct in the Second Degree is a violent felony, we need not address Anderson's first argument.

The Armed Career Criminal Act defines a violent felony as a crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the

---

[2]North Carolina v. Alford, 400 U.S. 25, 37 (1970) (permitting a defendant to maintain his or her claims of innocence while admitting that the government possesses the evidence necessary to successfully prosecute the charged offense).

person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ."  18 U.S.C. § 924(e)(2)(B).  We have repeatedly stated that we interpret the term violent felony in § 924(e) in the same manner that we interpret the term crime of violence in U.S.S.G. § 4B1.2.  See, e.g., United States v. Smith, 422 F.3d 715, 721 (8th Cir. 2005) ("The guidelines definition of 'crime of violence' found in § 4B1.2 is also viewed as interchangeable with the statutory definition of 'violent felony' found in 18 U.S.C. § 924(e)."); United States v. Johnson, 326 F.3d 934, 936 (8th Cir. 2003) ("The definition of 'violent felony' and 'crime of violence' are almost identical[.]").

Our court has never held that a conviction under the specific Minnesota statute at issue in this case qualifies as a violent felony under § 924(e) or as a crime of violence under U.S.S.G. § 4B1.2.  We have, however, held that a conviction under an almost identical Nebraska statute qualifies as a crime of violence within the meaning of another federal statute, 18 U.S.C. § 16.  See United States v. Alas-Castro, 184 F.3d 812, 813 (8th Cir. 1999) (holding that a conviction under Nebraska Revised Statutes § 28-320.01(1) (1995) qualified as an aggravated felony within the meaning of U.S.S.G. § 2L1.2(b)(1)(A) (1998), and therefore as a crime of violence under §16).[3] The Nebraska statute at issue in Alas-Castro is materially indistinguishable from the Minnesota statute at issue here, the only difference being that under the Nebraska law, the complainant's age must be 14 years or younger and the actors age must be 19 years or older.  See Neb. Rev. St. § 28-318(5) (defining sexual contact for the purpose of Neb. Rev. St. § 28-320.01(1)).

---

[3]Guideline Section 2L1.2(b)(1)(A) n.1 (1998) defined the term aggravated felony through reference to 8 U.S.C. § 1101(a)(43), which in turn relied upon the crime of violence definition then found in 18 U.S.C. § 16.  In its present form, Guidelines Section 2L1.2(b) includes reference to crimes of violence, and the notes to that section expressly set forth sexual assaults as qualifying crimes of violence.

18 U.S.C. § 16 does not define the term crime of violence in the same manner that § 924(e) and U.S.S.G. § 4B1.2 define the terms violent felony and crime of violence, respectively. Whereas the latter provisions include offenses that involve serious risk of physical injury, § 16 encompasses offenses that involve "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16. Although these definitions differ, we have previously stated that "[a]ll crimes which by their nature involve a substantial risk of physical force share the *risk* of harm." United States v. Rodriguez, 979 F.2d 138, 141 (8th Cir. 1992). Further, our analysis in Alas-Castro demonstrates that the differences between the definitions for crime of violence in § 16 and U.S.S.G. § 4B1.2 do not matter in the context of felony sexual contact with children. See Alas-Castro, 184 F.3d at 813 (" . . . this type of contact between parties of differing physical and emotional maturity carries a substantial risk that physical force . . . may be used in committing the offense."). We believe it is clear that the risk of harm or physical injury in this case is inseparable from the risk of use of physical force.

The judgment of the district court is affirmed.

_____