# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3823

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Arnold D. Eastin, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 11, 2005
Filed: April 4, 2006

_____

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Arnold Dean Eastin pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] imposed the minimum 15-year sentence for offenders with three prior "violent felony" convictions under 18 U.S.C. § 924(e). Eastin appeals, arguing that his prior convictions are not violent felonies and that the district court committed constitutional error under *Blakely v. Washington*, 542 U.S. 296 (2004). Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Dean Whipple, Chief United States District Judge for the Western District of Missouri.

I.

The presentence investigation report (PSR) indicated that Eastin had four prior California felony convictions: first-degree residential burglary with assault, second-degree residential burglary, second-degree burglary of a vehicle, and incest. The PSR classified each offense as a "violent felony" under the Armed Career Criminal Act (ACCA) and recommended the 15-year mandatory minimum sentence for armed career criminals. *See* **18 U.S.C. § 924(e)(1)**. Eastin objected to the PSR's classifications of his vehicle burglary and incest convictions.[2] The district court ruled that all the prior offenses were violent felonies, and sentenced Eastin to the statutory minimum of 15 years.

Eastin first contests the district court's conclusion that his incest conviction is a violent felony. This court reviews de novo whether a prior offense is a violent felony under the ACCA. *United States v. McCall*, 439 F.3d 967, 969 (8th Cir. 2006) (en banc); *United States v. Lindquist*, 421 F.3d 751, 753 (8th Cir. 2005).

The ACCA imposes a mandatory minimum 15-year sentence if a defendant is convicted of being a felon in possession of a firearm, and has three prior violent felony convictions. **18 U.S.C. § 924(e)(1)**. A "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year" that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* **§ 924(e)(2)(B)(ii)**. In determining whether the prior offense is a violent felony under this clause, this court applies a formal categorical approach, looking only to the fact of conviction and the statutory definition of the offense, not the particular facts underlying the conviction. *McCall*, 239 F.3d at 970. Where the statute is

---

[2]Eastin never contests the PSR's sentence recommendation, or the district court's conclusion that the two prior convictions for first-degree and second-degree residential burglary are "violent felonies."

overinclusive – encompassing both violent and non-violent felonies – the court may examine the charging documents, jury instructions, terms of a plea agreement, transcript of colloquy between judge and defendant, or other comparable judicial record to determine whether the defendant's conduct constitutes a violent felony. *Id.* at 973. *See also* **Shepard v. United States**, 544 U.S. 13, 125 S. Ct. 1254, 1259-60 (2005); **Taylor v. United States**, 495 U.S. 575, 602 (1990).

Eastin was convicted of violating California Penal Code § 285, which makes incest a felony crime. At the time of his conviction in 1986, the statute provided:

> Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who commit fornication or adultery with each other, are punishable by imprisonment in the state prison.

**Cal. Penal Code § 285** (1986). According to the indictment, Eastin pled guilty to two counts of incest for sexual intercourse with his 16-year-old daughter. He was sentenced to 44 months in prison.

Eastin argues that because the California incest statute did not criminalize violence (or behavior that presents a risk of violence), it is not a violent felony under the ACCA. Eastin is correct that incest is not per se a violent felony, as it can be committed by two consenting adults without violence. However, the statute is broad enough to proscribe incestuous intercourse between adults and minor children, which this court consistently holds presents a serious potential risk of physical injury to the child. *See* **United States v. Anderson**, 438 F.3d 823, 825 (8th Cir. 2006) (criminal sexual conduct); **United States v. Montenegro-Recinos**, 424 F.3d 715, 717-18 (8th Cir. 2005) (lewd and lascivious acts upon a child), *cert. denied*, 126 S. Ct. 1386 (2006); **United States v. Mincks**, 409 F.3d 898, 900 (8th Cir. 2005) (statutory sodomy and statutory rape), *cert. denied*, 126 S. Ct. 1345 (2006); **United States v. Alas-Castro**, 184 F.3d 812, 813 (8th Cir. 1999) (sexual assault of a child); **United States v. Bauer**,

990 F.2d 373, 375 (8th Cir. 1993) (statutory rape); *United States v. Rodriguez*, 979 F.2d 138, 140-41 (8th Cir. 1992) (lascivious acts with a child). Even if the sexual act with a child were consensual, such conduct between individuals of differing physical and emotional maturity carries a substantial risk that physical force may be used, causing injury to the child. *See Anderson*, 438 F.3d at 825, *quoting Alas-Castro*, 184 F.3d at 813. Moreover, when the relationship is incestuous between parent and child, there is an even greater risk of physical injury to the child given the inherent power asymmetry and age difference. *See, e.g.*, *United States v. Melton*, 344 F.3d 1021, 1027-28 (9th Cir. 2003); *United States v. Vigil*, 334 F.3d 1215, 1220 (10th Cir. 2003); *United States v. Campbell*, 256 F.3d 381, 396-97 (6th Cir. 2001); *United States v. Martinez-Carillo*, 250 F.3d 1101, 1106 (7th Cir. 2001).

As the California incest statute criminalizes both violent and non-violent conduct, the district court did not err in examining Eastin's indictment to determine the nature of his conviction, which confirmed incestuous intercourse with his 16-year-old daughter. *See McCall*, 439 F.3d at 973-74. By this court's precedent, the district court correctly concluded that Eastin's incest conviction is a violent felony under the ACCA.[3]

II.

Eastin asserts that the district court committed constitutional error in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), by making independent fact findings about his prior offenses to support the ACCA sentence enhancement. This court has consistently rejected the claim that a jury must determine whether a prior conviction is a violent felony, as this is a legal question for the district court. *See United States*

---

[3]Eastin also contends (and the United States concedes) that his prior felony conviction for second-degree burglary of a vehicle is not a violent felony. This court need not address this issue, as Eastin has three predicate violent felony convictions without considering the vehicle burglary offense.

***v. Smith***, 422 F.3d 715, 727 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1112 (2006); ***United States v. Strong***, 415 F.3d 902, 906-07 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1121 (2006); ***United States v. Paz***, 411 F.3d 906, 909 (8th Cir. 2005). Accordingly, the district court did not err in finding the facts necessary to support the sentence enhancement.

Finally, Eastin attacks the constitutionality of the sentencing guidelines as mandatorily applied by the district court. Eastin did not raise this challenge before the district court, so this court reviews only for plain error. *See* ***United States v. Pirani***, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc), *cert. denied*, 126 S. Ct. 266 (2005). As Eastin was sentenced to the mandatory minimum under the ACCA, he received the most favorable sentence available. *See* ***United States v. Painter***, 400 F.3d 1111, 1111 (8th Cir. 2005) (a sentence mandated by § 924(e) does not violate *United States v. Booker*, 543 U.S. 220 (2005)), *cert. denied*, 126 S. Ct. 731 (2005); ***United States v. Torres***, 409 F.3d 1000, 1004 (8th Cir. 2005), *citing* ***United States v. Vieth***, 397 F.3d 615, 620 (8th Cir. 2005), *cert. denied*, 125 S. Ct. 2560 (2005). Thus, this court finds no plain error in the district court's application of the guidelines.

## III.

The judgment of the district court is affirmed.

_____