# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3064

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of North Dakota. |
| William Paul See Walker, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 15, 2006
Filed: June 20, 2006

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

ARNOLD, Circuit Judge.

William See Walker was convicted of one count of aggravated sexual abuse. *See* 18 U.S.C. §§ 2241(c), 1153. He asserts on appeal that he was unfairly prejudiced by the refusal of the district court[1] to permit a defense expert to examine the child whom he was accused of assaulting. He also contends that the district court erred in determining that he was a career offender under the United States Sentencing Guidelines. *See* U.S.S.G. 4B1.1. We affirm the judgment of the district court in all respects.

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

Mr. See Walker was charged with aggravated sexual abuse after L.L., a seven-year-old girl, alleged that he had placed his hands under her clothing and inserted his fingers into her vagina. After L.L. reported the assault, she and her sister spoke with Paula Condol, a forensic interviewer at a children's advocacy center in Bismarck, North Dakota. Despite being present during the alleged events, L.L.'s sister was unable to provide information, but L.L. described the assault to Ms. Condol. A videotape of the interview between Ms. Condol and L.L. was played at Mr. See Walker's trial, and Ms. Condol testified about the procedures used in the interview. L.L. also testified at trial, and Mr. See Walker was convicted. After it was established at sentencing that Mr. See Walker had previously been convicted of bank robbery and rape, the district court found him to be a career criminal and thus imposed an enhanced sentence of 360 months in prison.

I.

Mr. See Walker argues that he was unfairly prejudiced because the district court refused to allow a defense expert to interview L.L. He contends that by refusing to permit a clinical psychologist working for the defense to interview L.L., the trial court unfairly deprived him of equal access to the evidence. We review the district court's refusal for an abuse of discretion. *United States v. Sumner*, 119 F.3d 658, 663 (8th Cir. 1997).

We have previously held that adversarial examination of this kind should be ordered if the "denial of access would likely result in an absence of fundamental fairness essential to the very concept of justice." *United States v. Rouse*, 111 F.3d 561, 568 (8th Cir. 1997) (internal quotation marks omitted), *cert. denied*, 522 U.S. 905 (1997); *see Lisenta v. California*, 314 U.S. 219 (1941). Here, Mr. See Walker had access to the videotaped statement, had the chance to cross-examine both Ms. Condol and L.L., and could have presented expert testimony addressing what he saw as the weaknesses of Ms. Condol's interviewing techniques. Given these numerous channels for criticism and the fact that L.L. testified at trial, we do not think that the district

court abused its discretion by refusing to permit Mr. See Walker's chosen psychologist to interview L.L.

Additionally, Mr. See Walker seems to contend that the characterization of Ms. Condol's interview as a "forensic investigation" by a trained employee improperly bestowed an impression of credibility and veracity upon the contents of the interview, and he asserts that this contributed to the prejudice. People calling themselves forensic interviewers are commonly employed in these kinds of cases, *see, e.g., United States v. Bordeaux*, 400 F.3d 548, 555-57 (8th Cir. 2005), and we see nothing in the name that conveys an impression of truthfulness. We also note that Ms. Condol expressed no opinion as to whether sexual abuse had occurred or whether L.L. was truthful. *See United States v. Whitted*, 11 F.3d 782, 785-86 (8th Cir. 1993). We conclude that Mr. See Walker's argument is without merit.

II.

Finally, Mr. See Walker argues that the present offense was not a crime of violence and thus the district court erred in determining that he was a career offender under the federal sentencing guidelines. *See* U.S.S.G. § 4B1.1. We review the district court's interpretation of the guidelines *de novo*. *United States v. Mohr*, 407 F.3d 898, 901 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 670 (2005).

The applicable guideline defines a crime of violence to include an offense punishable by a term greater than one year in prison that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2. Identical language appears in the definition of "violent felony" in the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B)(ii), and we have interpreted that language to require a categorical approach: The sentencing court does not consider the specific conduct of the defendant, but instead determines whether the elements of the crime involve conduct that " 'necessarily entails a serious potential risk of physical injury.' " *United States v. McCall*, 439 F.3d 967, 970-71 (8th Cir. 2006) (en banc) (quoting

*United States v. Montgomery*, 402 F.3d 48 2, 488 (5th Cir. 2005)). If the statute under which the defendant was charged includes both conduct that presents a serious risk of physical injury and conduct that does not, the sentencing court then examines the charging document and jury instructions to determine whether the crime was a "violent felony." Since the definition of "crime of violence" in § 4B1.2 is virtually the same as the definition of "violent felony" in § 924(e), we have used the same categorical approach to determine whether an offense is a crime of violence for § 4B1.2 purposes. *United States v. Bockes*, No. 04-3936, 2006 WL 1348571, *3 (8th Cir. May 18, 2006); *United States v. Hollis*, 2006 WL 1300596, *1 (8th Cir. May 12, 2006).

Mr. See Walker was charged with and convicted of engaging and attempting to engage knowingly in a sexual act with a person under the age of twelve years in violation of 18 U.S.C. § 2241(c); the indictment alleged that the defendant committed the act by intentionally touching the child's genitalia and penetrating her genital opening with his hand and finger. We believe that this offense innately poses "a serious potential risk of physical injury" because of the young age of the child. U.S.S.G. § 4B1.2; *cf. United States v. Alas-Castro*, 184 F.3d 812, 813 (8th Cir. 1999) (per curiam). In the past, we have concluded that offenses involving the fondling or touching of a child's genitals were crimes of violence under 18 U.S.C. § 16(b) because "by [their] nature" they involved "a substantial risk that physical force ... may be used in the course of committing [them]," 18 U.S.C. § 16(b). *Alas-Castro*, 184 F.3d at 813-14; *United States v. Rodriguez*, 979 F.2d 138, 140-41 (8th Cir. 1992). We are aware that the definition of a crime of violence in § 16(b) differs somewhat from the one in § 4B1.2; the guideline, rather than focusing on the nature of the crime and the likelihood that physical force will be used in committing it, considers the general risk of injury that the offense poses. *Leocal v. Ashcroft*, 543 U.S. 1, 10 n.7 (2004); *McCall*, 429 F.3d at 971. But we think that since a sexual crime against a young child involves a substantial risk that physical force may be used in its commission, *see Alas-Castro*, 184 F.3d at 813, the offense necessarily poses "a serious potential risk of

physical injury" to the child who is the victim of that crime.  U.S.S.G. § 4B1.2; *see United States v. Anderson*, 438 F.3d 823, 825 (8th Cir. 2006).  We conclude that Mr. See Walker was convicted of a crime of violence for purposes of the career-offender guideline.

III.

The district court's judgment is affirmed.

_____