# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1324

_____

United States of America,         *
                                 *

         Appellee,        *

                                 *      Appeal from the United States

      v.              *      District Court for the

                                 *      Northern District of Iowa.

Jaime Lee Orozco,         *

                                 *      [UNPUBLISHED]

         Appellant.      *

_____

Submitted: October 16, 2007
Filed: December 6, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Jaime Lee Orozco pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 235 months' imprisonment. Orozco appeals his sentence. We affirm.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

On March 24, 2006, Orozco and an accomplice entered a residence in Sioux City, Iowa, and threatened the occupants with a gun. The police arrived after the accomplice escaped and arrested Orozco. Orozco was indicted by a federal grand jury and charged with being a felon in possession of a firearm. He later pled guilty to that offense.

At the plea hearing, Orozco was informed that the maximum sentence for this offense was ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2). Before the sentencing hearing, the presentence investigation report ("PSR") determined that Orozco's two prior Iowa convictions for felony lascivious acts with a child in violation of Iowa Code § 709.8 constituted violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Orozco did not object to the determination that these convictions qualified as violent felonies under the ACCA.[2] As noted in the PSR, these two convictions, along with a prior conviction for felony assault, qualified Orozco as an armed career criminal, requiring a statutory minimum sentence of fifteen years' imprisonment and a possible maximum sentence of life. *See* 18 U.S.C. § 924(e)(1). Orozco also was classified as an armed career criminal pursuant to § 4B1.4 of the United States Sentencing Guidelines. As a result, the PSR determined Orozco's advisory sentencing guidelines range to be 188 to 235 months' imprisonment.

At the beginning of the sentencing hearing, the district court first asked Orozco's attorney if she had the opportunity to review the PSR with Orozco. After she responded that she and Orozco had reviewed the PSR, the court explained to Orozco that his classification as an armed career criminal increased his maximum possible sentence. The court then gave him an opportunity to withdraw his guilty plea. With full knowledge that his previous convictions classified him as an armed

[2]Orozco initially objected to the determination that these two convictions, entered on the same day, were two separate convictions under the ACCA. However, he withdrew this objection at sentencing.

career criminal and that he faced a longer sentence based on that classification, Orozco chose not to withdraw his guilty plea.

Orozco now argues that the district court plainly erred when it sentenced him as an armed career criminal based on his two prior convictions for felony lascivious acts with a child. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (stating that this court reviews an argument not properly preserved for plain error). He contends that the acts between him, then eighteen years old, and a thirteen-year-old girl were not violent felonies because the girl consented and acts between two such teenagers do not pose a serious potential risk of physical injury. The Government argues that Orozco waived this argument by maintaining his guilty plea when given an opportunity to withdraw it after learning of his armed career criminal status and the resulting sentencing enhancements.

We agree with the Government that Orozco waived his argument by maintaining his guilty plea with full knowledge that he was facing a sentence based on his classification as an armed career criminal. *See United States v. Cook*, 447 F.3d 1127, 1128 (8th Cir. 2006) (holding that a defendant waived the right to contest his sentence based on an enhancement when he pled guilty and "explicitly and voluntarily expos[ed] himself to a specific sentence"); *see also United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995); *United States v. Durham*, 963 F.2d 185, 187 (8th Cir. 1992). Before the district court sentenced Orozco, it explained to him that he would face a more severe sentence based on his classification as an armed career criminal and gave him the opportunity to withdraw his guilty plea. With this knowledge, Orozco decided to maintain his guilty plea. Therefore, he waived his right to appeal his resulting sentence based on his status as an armed career criminal.[3]

---

[3]Even if Orozco had not waived this argument, the district court did not plainly err in sentencing him as an armed career criminal because his prior convictions for felony lascivious acts with a child constitute violent felonies under the ACCA and the sentencing guidelines. *See United States v. Rodriguez*, 979 F.2d 138, 141 (8th Cir.

Accordingly, we affirm the district court's sentence.

_____

---

1992) (holding that a conviction for a lascivious act with a child in violation of Iowa Code § 709.8 was a crime of violence); *see also United States v. Eastin*, 445 F.3d 1019, 1022 (8th Cir. 2006) (noting that incestuous intercourse between an adult and a minor child is a violent felony under the ACCA).