# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3642

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| David Medina-Valencia, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 11, 2008
Filed: August 13, 2008

_____

Before MELLOY, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

David Medina-Valencia pled guilty to illegal re-entry into the United States after previously being deported, 8 U.S.C. § 1326(a), (b)(2). He appeals his sentence, arguing that the district court[1] incorrectly applied a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii), for a prior conviction of a crime of violence. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b)(1), this court affirms.

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Medina-Valencia's base offense level for illegal re-entry was 8. The presentence report indicated that in 2003, he pled guilty to indecency with a child, in violation of Texas Penal Code § 21.11. This increased the base offense 16 levels because he was "previously deported or unlawfully remained in the United States after a felony conviction for a crime of violence." *See* **U.S.S.G. § 2L1.2(b)(1)(A)(ii)**. After a three-level reduction for acceptance of responsibility, Medina-Valencia's offense level was 21. With a criminal history category II, his guidelines range was 41 to 51 months. The district court sentenced Medina-Valencia to 41 months in prison.

Medina-Valencia argues that the district court erred in increasing his base offense 16 levels, because under the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), his prior felony offense is not a crime of violence. This is a question of law, reviewed de novo. ***United States v. Montenegro-Recinos***, 424 F.3d 715, 716-17 (8th Cir. 2005), *cert. denied*, 546 U.S. 1194 (2006).

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a crime of violence includes "sexual abuse of a minor." **U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)**. The guidelines do not define sexual abuse of a minor, therefore, this court uses its "ordinary, contemporary, common meaning." ***Montenegro-Recinos***, 424 F.3d at 717.

This court employs a categorical approach to determine whether a prior offense qualifies as sexual abuse of a minor under the guidelines. *See **id**.* This approach looks to the "statutory definition of the prior offense," not the underlying facts of the crime, to determine whether the statute proscribes the generic elements of sexual abuse of a minor. ***Taylor***, 495 U.S. at 602. If the statute is overinclusive – criminalizing conduct that fits the generic definition of sexual abuse of a minor and conduct that does not – the court uses the modified categorical approach. *See **United States v. Lockwood***, 446 F.3d 825, 827 (8th Cir. 2006). Under this approach, the court may refer to the charging documents, plea agreement, jury instructions, or comparable judicial records

to determine whether the prior offense qualifies for enhancement. *See Montenegro-Recinos*, 424 F.3d at 717, *citing Shepard*, 544 U.S. at 26. If the defendant "necessarily admitted" the generic elements of sexual abuse of a minor, the prior offense may be used to enhance the sentence. *Shepard*, 544 U.S. at 26.

At the time of Medina-Valencia's offense, indecency with a child was defined as:

> (a) A person commits an offense if, with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person:
>> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
>> (2) with intent to arouse or gratify the sexual desire of any person:
>>> (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
>>> (B) causes the child to expose the child's anus or any part of the child's genitals.
> (b) It is an affirmative defense to prosecution under this section that the actor:
>> (1) was not more than three years older than the victim and of the opposite sex;
>> (2) did not use duress, force, or a threat against the victim at the time of the offense; and
>> (3) at the time of the offense:
>>> (A) was not required under Chapter 62, Code of Criminal Procedure, to register for life as a sex offender; or
>>> (B) was not a person who under Chapter 62 had a reportable conviction or adjudication for an offense under this section.

**Tex. Penal Code § 21.11 (1999)**.

"Although the term 'minor' is not specifically defined in § 2L1.2, other provisions of the sentencing guidelines, including the guideline for 'criminal sexual

abuse,' repeatedly and consistently define a minor as a person under eighteen years of age." *Montenegro-Recinos*, 424 F.3d at 717-18, *citing* **U.S.S.G. §§ 2A3.1 cmt.1**, **2A3.4 cmt.1**, **2G2.1 cmt.1**; **18 U.S.C. § 2256(1)**. The Texas statute treats a "child" as someone 16 years old or younger. This fits the ordinary, contemporary, common meaning of "minor." *See United States v. Najera-Najera*, 519 F.3d 509, 511-512 (5th Cir. 2008) (violation of this statute, Texas Penal Code § 21.11(a)(1), constitutes sexual abuse of a minor under § 2L1.2); *United States v. Martinez-Carillo*, 250 F.3d 1101, 1104-05 (7th Cir. 2001) (using 18 as the age of majority for purposes of § 2L1.2 definition of sexual abuse of a minor).

All the conduct criminalized by Texas Penal Code § 21.11 is sexual in nature. *See United States v. Garcia-Juarez*, 421 F.3d 655, 659 (8th Cir. 2005) ("[T]he word 'sexual' in the phrase 'sexual abuse of a minor,' [as used in the Guidelines], indicates that the perpetrator's intent in committing the abuse is to seek libidinal gratification.") (second alteration in original), *quoting United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001). The question, then, is whether all the conduct prohibited by the statute constitutes abuse.

Medina-Valencia argues that because the statute does not "hardwire into the elements of the offense an abuse-fostering age disparity between an adult defendant and a minor victim," the statute does not categorically qualify as sexual abuse of a minor. Some age difference may be necessary to qualify sexual contact as abuse where the statute reaches both consensual and non-consensual conduct, as the statute does here. *See Montenegro-Recinos*, 424 F.3d at 718 ("We might well question whether the [sexual contact] described [by the statute] would amount to sexual abuse were it engaged in by someone of a similar age.").

The district court determined, based on the indictment, that Medina-Valencia was convicted under subsection (a)(1). That subsection criminalizes sexual contact with a person under 17, whether consensual or non-consensual. Although age

difference is not an element of the crime under subsection (a)(1), subsection (b) establishes an affirmative defense if the defendant is "not more than three years older" than the victim, in addition to other requirements. *See* **Tex. Penal Code § 21.11 (b) (1999)**.

Medina-Valencia makes the technical argument that the affirmative defense is not an "element," and thus cannot be considered in determining whether the statute is overinclusive. To the contrary, the affirmative defense helps define what conduct is prohibited by the statute. *See In re J.H.*, 150 S.W.3d 477, 481-83 (Tex. Ct. App. 2004) (reversing conviction under Tex. Penal Code § 21.11(a)(1) because defendant established affirmative defense). Therefore, we may consider the affirmative defense. *See Taylor*, 495 U.S. at 602 (trial court may look "only to the fact of conviction and the *statutory definition* of the prior offense") (emphasis added).

Even with the age difference in the affirmative defense, however, subsection (a)(1) is overinclusive. In addition to the age difference, the affirmative defense requires that the defendant and victim be of the opposite sex. **Tex. Penal Code § 21.11(b)(1)(1999)**. Subsection (a)(1), then, prohibits consensual sexual contact between two persons who are a day under 17, and of the same gender. This does not fit the ordinary, contemporary, common meaning of sexual abuse of a minor. *See* **18 U.S.C. § 2241** (crime of aggravated sexual abuse requires force or threat of force); **18 U.S.C. § 2242** (crime of sexual abuse requires non-consent); **18 U.S.C. § 2243** (requiring a four-year age difference for crime of sexual abuse of a minor).

Because subsection (a)(1) is overinclusive, the district court did not err by looking to the indictment and plea papers to determine whether Medina-Valencia necessarily admitted facts that fit the generic definition of sexual abuse of a minor. *See Taylor*, 544 U.S. at 26; *United States v. Eastin*, 445 F.3d 1019, 1022 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 2095 (2007). The charge Medina-Valencia pled guilty to (Count 3) states that the victim was under 17 years old, and a female. The

indictment also shows his date of birth and age at the time of indictment, making him at least 25 at the time of the offense. The district court did not err by taking judicial notice of this fact, because by pleading guilty, Medina-Valencia admitted it. *See Eastin*, 445 F.3d at 1022 (using indictment to confirm incestuous intercourse was with defendant's 16 year old daughter, and therefore a crime of violence); *Estrada-Espinoza v. Gonzales*, 498 F.3d 933, 935 (9th Cir. 2007) (if the statute is overinclusive, the conviction fits the generic offense only if the "record includes documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction."). The age of the defendant is not the type of "disputed finding of fact" *Taylor* and *Shepard* prohibit sentencing judges from making. *See Shepard*, 544 U.S. at 24 (not allowing police reports as evidence that a prior crime was a crime of violence because then the sentencing judge would "make a disputed finding of fact about what the defendant and state judge must have understood as the factual basis of the prior plea"). In fact, Medina-Valencia never argued that his age was incorrect in the indictment, nor objected to the PSR that stated his date of birth. *See United States v. Cadieux*, 500 F.3d 37, 47 (1st Cir. 2007) (using indictment and unobjected-to presentence report to determine defendant/victim age gap, and finding that conviction was for crime of violence), *cert. denied*, 128 S. Ct. 1226 (2008).

Given the at least eight year age-difference between Medina-Valencia and his victim, the district court did not err in finding that his prior conviction was for sexual abuse of a minor, and therefore a crime of violence. *See Najera-Najera*, 519 F.3d at 511-512 (violation of this statute, Texas Penal Code § 21.11(a)(1), constitutes sexual abuse of a minor under § 2L1.2); *Montenegro-Recinos*, 424 F.3d at 718 (ten-year age difference and young age of the victim establishes abusive nature of conduct where statute covers consensual and non-consensual contact).

The judgment of the district court is affirmed.

_____