# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3335

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| Dion M. Clark, | * |
| | * |
| Appellant. | * |

_____

Submitted: April 16, 2009
Filed: April 30, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Dion Malcolm Clark pled guilty in district court[1] to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

One of Clark's prior convictions was for unlawful possession of a firearm under 18 U.S.C. § 922(g). The pre-sentence report concluded that it was a crime of violence under U.S.S.G. § 4B1.2 because the firearm was a sawed-off shotgun. Clark objected

---

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

to this conclusion, arguing that the categorical approach prohibited the court from examining the underlying facts of the conviction. The court overruled the objection and sentenced him to 87 months imprisonment, the top of the guideline range.

This court reviews a district court's legal determinations de novo. ***Ryan v. United States***, 534 F.3d 828, 831 (8th Cir. 2008). A categorical approach applies in determining whether an offense is a crime of violence. ***United States v. See Walker***, 452 F.3d 723, 725-26 (8th Cir. 2006). This approach requires a court to "look only to the fact of conviction and the statutory definition of the prior offense," rather than "the particular facts disclosed by the record of conviction." ***James v. United States***, 550 U.S. 192, 202 (2007). However, where a statute is overinclusive – encompassing both non-violent crimes and crimes of violence – the court may examine the charging documents, jury instructions, terms of a plea agreement, transcript of a colloquy between judge and defendant, or other comparable judicial record to determine whether the defendant's conduct constitutes a violent felony. *See **United States v. Eastin***, 445 F.3d 1019, 1021 (8th Cir. 2006).

Clark was previously convicted of violating 18 U.S.C. § 922(g), which prohibits a felon from possessing a firearm. Unlawful possession of a firearm is not per se a crime of violence. However, the statute is broad enough to proscribe possession of a sawed-off shotgun, which is a crime of violence. *See **U.S.S.G. § 4B1.2 cmt. n. 1***; ***United States v. Allegree***, 175 F.3d 648, 651 (8th Cir. 1999). Therefore, § 922(g) is overinclusive, and it was proper for the district court to rely on the (prior) plea agreement and the undisputed facts in the current PSR.

The judgment of the district court is affirmed.

_____