# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3299

_____

Andrew J. Maxey

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 18, 2017
Filed: April 20, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In 2003, Andrew J. Maxey pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Based on his prior Missouri convictions for four counts of second-degree burglary and seven counts of second-degree attempted

robbery, the district court[1] found that Maxey qualified for an enhancement under the Armed Career Criminal Act ("ACCA"). *See id.* § 924(e). The court then sentenced Maxey to the resulting mandatory minimum of 180 months' imprisonment.

Nearly thirteen years later, Maxey filed a motion to correct his sentence pursuant to 18 U.S.C. § 2255, claiming that his robbery and burglary convictions no longer qualify as ACCA predicate offenses in light of the Supreme Court's decision in *Johnson v. United States*. *See* 135 S. Ct. 2551, 2557 (2015) (invalidating the ACCA's residual clause as unconstitutionally vague). The district court denied this motion, holding that both second-degree burglary and second-degree attempted robbery remain violent felonies under the force clause of the ACCA. On appeal, the Government concedes that Maxey's burglary convictions no longer qualify as predicate offenses in light of both *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (holding that Iowa's burglary offense did not qualify as violent felony). Thus, the only issue before us is whether Missouri second-degree attempted robbery still qualifies as a violent felony—a legal determination that we review *de novo*. *See United States v. Eastin*, 445 F.3d 1019, 1021 (8th Cir. 2006).

The *en banc* court resolved this precise question in *United States v. Swopes*. 2018 WL 1525825, at *1 (8th Cir. Mar. 29, 2018) (en banc). Applying the force clause of the ACCA, we held that Missouri second-degree robbery qualifies as a violent felony. *See id.* at *1-3 (overruling *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016)). Thus, we conclude that Maxey is not entitled to relief, as his convictions for attempted robbery are sufficient to qualify him as an armed career criminal because this offense "has as an element the . . . attempted use . . . use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B).

---

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Accordingly, we affirm the denial of Maxey's § 2255 motion.

_____