# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2735

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of South Dakota. |
| Alexander Vasquez-Garcia, | * |
| | * |
| Appellant. | * |

_____

Submitted: January 12, 2006
Filed: June 9, 2006

_____

Before BYE, HEANEY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Alexander Vasquez-Garcia pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). In determining the advisory guideline sentence, the district court[1] applied a 16-level enhancement pursuant to USSG § 2L1.2(b)(1)(A)(iii), and then sentenced Vasquez-Garcia to 70 months' imprisonment. Vasquez-Garcia appeals the sentence, and we affirm.

_____

[1] The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

In February 2005, Vasquez-Garcia pleaded guilty to reentering the United States after previously having been removed. A presentence investigation report recommended that the court, in determining an advisory guideline sentence under the United States Sentencing Guidelines, apply a 16-level specific offense characteristic in addition to the base offense level, based on Vasquez-Garcia's prior conviction in California state court for possession of a short barrel rifle. *See* USSG § 2L1.2(b)(1)(A)(iii). The guidelines call for the enhancement where a defendant was deported after a conviction for a felony that is a "firearms offense." That term is defined to include an offense under state law that prohibits the possession of a firearm described in 26 U.S.C. § 5845(a), which includes a short barrel rifle. USSG § 2L1.2, comment. (n.1(B)(v)(II)). Vasquez-Garcia objected to the presentence report, claiming that although the charging document filed in California state court alleged that he possessed a short barrel rifle, he actually had possessed a .380 automatic pistol, and that a conviction for possession of a pistol is not a "firearms offense" within the meaning of § 2L1.2. In support of his factual assertion about the prior conviction, Vasquez-Garcia offered police reports from the incident resulting in the conviction.

At sentencing, the district court examined the record of the state court conviction to determine whether it should qualify as a "firearms offense" under USSG § 2L1.2(b)(1)(A)(iii). The government presented evidence that in July 1998, California prosecutors filed an amended two-count information charging Vasquez-Garcia with (1) the discharge of a firearm with gross negligence, a serious felony under California law, and (2) the possession of a deadly weapon under California Penal Code § 12020(a). The California statute penalizes the manufacture, sale, or possession of various weapons, including "any short-barreled rifle." Cal. Penal Code § 12020(a) (West 1998). Count II of the information charged that the deadly weapon possessed by Vasquez-Garcia was a short barrel rifle. The government presented a record of Vasquez-Garcia's guilty plea to Count II, in which he acknowledged that there was a factual basis for the plea and that he was pleading guilty to take advantage

of a plea bargain. There is no record in the plea agreement of any agreed-upon facts or judicial fact-finding.

In determining whether to apply the enhancement, the district court noted that "the primary issue in this case is whether the police reports can be considered in determining whether . . . a previous conviction qualifies as a firearms offense or a crime of violence under sentencing guideline 2L1.2." (S. Tr. at 3). The court concluded, based on *Shepard v. United States*, 544 U.S. 13 (2005), that it should "look at what it is that the charging papers and judgment of conviction, or the plea and findings of the Court found, and that is it, you don't go behind it into the police reports and other documents that might exist with regard to the case." (S. Tr. at 4). Applying a categorical approach, the court determined that because the "Amended Information in the defendant's California conviction indicated the defendant was in possession of a short-barreled rifle and that is clearly a firearms offense based on the definition at USSG § 2L1.2, . . . the 16-level enhancement is applicable." (Statement of Reasons at 3); (S. Tr. at 12).

We review the district court's factual findings for clear error and its interpretation and application of the guidelines *de novo*. *United States v. Montenegro-Recinos*, 424 F.3d 715, 717 (8th Cir. 2005). In *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard*, 544 U.S. at 16-17, the Supreme Court established a categorical approach concerning what evidence a court may consider in determining whether a defendant was convicted of "generic burglary" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Under this approach, the district court generally may look only to the fact of conviction and statutory definition of the prior offense. *Taylor*, 495 U.S. at 602. When a statute criminalizes both conduct that would qualify a defendant for an enhancement and conduct that would not do so, the court may refer to the "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information," in order to

determine whether the plea "'necessarily' rested" on facts equating to the qualifying offense. *Shepard*, 544 U.S. at 21, 26 (quoting *Taylor*, 495 U.S. at 602). We have employed a similar categorical approach to determine whether a defendant's prior conviction was for a "crime of violence" under § 2L1.2(b)(1)(A)(ii), *Montenegro-Recinos*, 424 F.3d at 717, and Vasquez-Garcia does not suggest, as a general matter, that the categorical approach of *Taylor* and *Shepard* is inapplicable to determinations under § 2L1.2.

While Vasquez-Garcia pleaded guilty to a statute that is "overinclusive," that is, it encompasses offenses that do not meet the federal definition of "firearms offense" under § 2L1.2, *see United States v. McCall*, 439 F.3d 967, 973 (8th Cir. 2006) (en banc), Count II of the charging document specifically alleged that he possessed a short barrel rifle. Possession of a short barrel rifle is a "firearms offense" for purposes of the guideline. *See* USSG § 2L1.2, comment. (n.1(B)(v)(II)). The official record of the guilty plea shows that Vasquez-Garcia pleaded guilty to this count of the information, and the government's production of the charging document is sufficient to show, for purposes of the sentencing enhancement, that the conviction necessarily rested on the fact that Vasquez-Garcia possessed a short barrel rifle. Vasquez-Garcia complains that the government failed to produce a record of the factual basis or admissions by him at the state plea hearing, or a record of judicial findings of fact in the state court proceeding. But where a charging document already narrows the overinclusive statute, *Shepard* does not require the government to produce this additional documentation. *See Shepard*, 544 U.S. at 24 ("The state statute requires no finding of generic burglary, and *without a charging document that narrows the charge to generic limits*, the only certainty of a generic finding lies . . . (in a pleaded case) in the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea.") (emphasis added). The charging document performs the narrowing function, and it is sufficient evidence to support a finding that the defendant was necessarily convicted of the narrower offense.

Vasquez-Garcia contends that because complete records were not available from the state court proceeding, the district court should have considered police reports concerning the facts of the incident that led to the conviction. The Supreme Court rejected essentially the same argument in *Shepard*, where the government complained that "[a] bar on review of documents like police reports" often would make sentencing enhancements "hinge on the happenstance of state court record-keeping practices." *Id*. at 22 (internal quotation omitted). The Court declined to adopt "a more inclusive standard of competent evidence," *id.*, citing the "practical difficulties and potential unfairness of a factual approach," *id*. at 20 (internal quotation omitted), and the "respect for congressional intent and avoidance of collateral trials." *Id*. at 23. Where state court records are not available to show that a defendant was convicted of an offense that qualifies for the federal enhancement, the government may not rely on police reports to establish that the conviction did necessarily rest on facts identifying the crime as qualifying. We see no reason why the same limitations, derived from an interpretation of congressional intent, should not apply when a defendant seeks to undercut a proper showing by the government that a state court conviction does qualify for the federal enhancement. What is sauce for the goose is sauce for the gander.

The judgment of the district court is affirmed.

_____