# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-1080

_____

United States of America,          *
                                *

          Appellee,        *
                                *       Appeal from the United States

     v.                  *       District Court for the
                                *       District of Minnesota.

Rodolfo Lopez-Zepeda,        *
                                *

          Appellant.       *


_____

Submitted: September 26, 2006
Filed: October 24, 2006

_____

Before MURPHY, HANSEN and RILEY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Rodolfo Lopez-Zepeda appeals a 46-month sentence imposed upon him by the district court[1] after he pleaded guilty to one count of illegal reentry by a removed alien. See 8 U.S.C. § 1326(a), (b)(2) (2000). Lopez-Zepeda argues that the district court erred by including a 16-level enhancement in his advisory Guidelines sentence after determining that his previous state-court conviction constituted "a crime of violence." See U.S. Sentencing Guidelines Manual (USSG) § 2L1.2(b)(1)(A)(ii)

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

(2005).  He also argues that the enhanced maximum penalty provision of § 1326(b)(2) is unconstitutional.  We affirm.

I.

In 2001, Lopez-Zepeda pleaded guilty in Minnesota state court to one count of third-degree criminal sexual conduct.  See Minn. Stat. § 609.344(1)(c) (2000) (defining the crime as engaging in sexual penetration with another person and using "force or coercion to accomplish the penetration").  He was subsequently deported to Mexico on February 2, 2004.  Lopez-Zepeda illegally returned to the United States and was found residing in Minnesota in November 2004.

A one-count federal indictment charged Lopez-Zepeda with illegal reentry after deportation subsequent to his removal for the conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Lopez-Zepeda entered into a plea agreement with the Government, admitting his illegal reentry but disputing the applicability of a 16-level sentencing enhancement in the Guidelines calculation for having committed a prior "crime of violence," USSG § 2L1.2(b)(1)(A)(ii).  The plea agreement recognized that § 1326(b)(2) prescribed the maximum available sentence of 20 years.  Defense counsel preserved a constitutional challenge to the penalty statute, asserting that the increased 20-year maximum penalty violates the Sixth Amendment right to a jury determination of all facts that increase the applicable maximum sentence.  Defense counsel acknowledged, however, that the Supreme Court has already ruled that § 1326(b)(2) is constitutional.  See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).

At sentencing, Lopez-Zepeda argued that a 16-level enhancement on the ground that his prior offense was "a crime of violence" was not warranted because his prior crime lacked the requisite element of force.  Specifically, he argued that his testimony during the state court plea hearing concerning the use of force was ambiguous and

therefore does not provide a factual basis to support the enhancement. The district court considered the state court conviction and the statutory definition of the crime, as well as the complaint and the plea colloquy. The court found that Lopez-Zepeda plainly admitted to forcing the victim to have sexual intercourse with him against her will. As to possible ambiguities in the testimony asserted by defense counsel, the district court noted that time and again in the plea transcript Lopez-Zepeda admitted to participating with another in <u>forcing</u> the victim to have sex, despite a few contrary statements as well. (<u>See</u> Sent. Tr. at 19) ("There are admissions to forcing her to have sex. There . . . is surely language that goes the other way as well . . . ."). Given the entire record, the district court found that the 2001 Minnesota conviction was "a crime of violence" within the meaning of USSG § 2L1.2(b)(1)(A)(ii), and accordingly added the 16-level enhancement into the Guidelines calculation. The district court imposed a 46-month Guidelines sentence at the bottom of the advisory range. Lopez-Zepeda appeals.

## II.

We apply *de novo* review when considering the district court's interpretation and application of the Sentencing Guidelines, and we review its fact-findings for clear error. <u>United States v. Urbina-Mejia</u>, 450 F.3d 838, 839 (8th Cir. 2006). Lopez-Zepeda first challenges the district court's determination of his advisory Guidelines sentence, asserting that the court erred in imposing the 16-level increase to his base offense level for a prior conviction of "a crime of violence." USSG § 2L1.2(b)(1)(A)(ii). The Guidelines define "a crime of violence" as including, among other things, "forcible sex offenses . . . or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2, comment. (n.1(B)(iii)).

To determine whether a defendant's prior conviction was for "a crime of violence" within the meaning of USSG § 2L1.2(b)(1)(A)(ii), we generally employ a

categorical approach.  United States v. Vasquez-Garcia, 449 F.3d 870, 872 (8th Cir. 2006).  Under this approach, the district court may consider the fact of conviction and the statutory definition of the prior offense.  Id.  If the statute criminalizes both conduct that would qualify as a crime of violence and conduct that would not, the court may consider the terms of the charging document or plea agreement as well as a transcript in which the defendant confirmed the factual basis for his plea in order to determine whether the prior conviction was for a crime of violence.  Id. (citing Shepard v. United States, 544 U.S. 13, 21, 26 (2005), and Taylor v. United States, 495 U.S. 575, 602 (1990)).

Lopez-Zepeda argues that the Minnesota statute defines third-degree criminal sexual conduct as engaging in sexual penetration "by force or coercion," Minn. Stat. § 609.344(1)(c) (emphasis added), and thus, he argues that it is unclear whether the element of force was necessary to his conviction.  See State v. Leake, 699 N.W.2d 312, 323-24 (Minn.) (holding third-degree criminal sexual conduct can be accomplished "by coercion alone, force alone, or both force and coercion"), cert. denied, 126 S. Ct. 745 (2005).  The Government counters that Lopez-Zepeda's prior conviction is a crime of violence under the Guidelines because both the use of force and Minnesota's definition of "coercion"[2] fall within the Guidelines definition of "a crime of violence," and also, the actual facts stated in the state court plea colloquy support the district court's finding that force was an element of the prior offense.

---

[2]The Minnesota Statutes define "coercion" as meaning:

> words or circumstances that cause the complainant reasonably to fear that the actor will inflict bodily harm upon, or hold in confinement, the complainant or another, or force the complainant to submit to sexual penetration or contact, but proof of coercion does not require proof of a specific act or threat.

Minn. Stat. § 609.341(14).

-4-

We find it unnecessary to determine today whether Minnesota's definition of "coercion" meets the Guideline's definition of "a crime of violence" because the district court's decision in this case rested on the finding that the charging documents and the plea colloquy demonstrate factually that Lopez-Zepeda committed the prior crime by force. The charging document states that the victim, a 16-year-old girl, reported drinking beer in an apartment with Lopez-Zepeda and a man named Juan Jose Hernandez. She stated that when she tried to leave, Hernandez grabbed her by the neck and forced her into a bedroom where the two men forcibly removed her clothes and had sexual intercourse with her against her will multiple times. She said that Hernandez threatened to kill her if she told anyone, that Hernandez dragged her by the hair, and that she finally escaped into the hall of the apartment building and began pounding on doors for help.

The transcript of Lopez-Zepeda's guilty plea in state court confirms that the three were drinking together in an apartment, that Lopez-Zepeda took off the victim's clothes, that he had sexual intercourse with her after she had said no, and that he continued having intercourse with her against her will. Lopez-Zepeda testified that Hernandez raped her too and that Hernandez then dragged her to the bathroom by the hair, and she ran out, escaping into the hall. Specifically, Lopez-Zepeda was asked, "[A]fter she said no, you forced her to have sex, is that correct?" and through an interpreter he answered, "Yes." (Appellant's Add. at B-15.) When questioned concerning his tape-recorded statement, Lopez-Zepeda answered that he had told the police officer the truth. He admitted in that recorded statement that he and Hernandez had used force to get the victim to engage in intercourse. Later in the plea colloquy, Lopez-Zepeda backpedaled a bit, stating that Hernandez had thrown her onto the bed, held her hands down, and made threats to her, but that he (Lopez-Zepeda) had not used force. (Id. at 18.) However, when again specifically asked, "And you understand that by pleading guilty today you're admitting that you acted with Mr. Hernandez to force her to have sex?" he answered through an interpreter, "Yes." (Id. at 19.)

Based on this record, the district court did not clearly err in finding that Lopez-Zepeda's prior state-court conviction was "a crime of violence" under the Guidelines because the offense involved both the use and threatened use of physical force. Accordingly, the 16-level enhancement of USSG § 2L1.2(b)(1)(A)(ii) was appropriately applied to the calculation of his advisory Guidelines sentencing range.

Lopez-Zepeda also argues that the enhanced 20-year maximum sentence of 8 U.S.C. § 1326(b)(2), imposed on the basis of his prior conviction for an aggravated felony, violates his Sixth Amendment rights, although he acknowledged at sentencing that the argument was foreclosed by Supreme Court precedent. He nevertheless asserts on appeal that the statute unconstitutionally required the district court to engage in fact-finding in order to determine whether his prior conviction qualified as an aggravated felony under § 1326(b)(2). We apply *de novo* review to constitutional questions. United States v. Clemmons, 461 F.3d 1057, 1061 (8th Cir. 2006).

We have repeatedly rejected this type of claim on the basis of Supreme Court precedent, and we do so again today. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added); Almendarez-Torres, 523 U.S. at 226-27 (holding that § 1326(b)(2) is a sentencing factor and not a separate criminal offense that must be set forth in the indictment). "While a finding that the prior felony conviction qualifies as 'aggravated' is a fact that can increase the defendant's sentence beyond the initially prescribed maximum sentence, the plain language of Apprendi excepts the fact of prior convictions from its holding." United States v. Kempis-Bonola, 287 F.3d 699, 702 (8th Cir.), cert. denied, 537 U.S. 914 (2002). See, e.g., United States v. Carrillo-Beltran, 424 F.3d 845, 848 (8th Cir. 2005), cert. denied, 126 S. Ct. 1384 (2006); United States v. Marcussen, 403 F.3d 982, 984 (8th Cir.), cert. denied, 126 S. Ct. 457 (2005). Additionally, we have previously "rejected the argument that the nature of a prior conviction is to be treated differently from the fact

of a prior conviction." <u>Marcussen</u>, 403 F.3d at 984. For these reasons, Lopez-Zepeda's Sixth Amendment challenge to § 1326(b)(2) fails.

## III.

Accordingly, we affirm the judgment of the district court.

_____