# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3248

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Western District of Arkansas.
Leopoldo Aguado-Guel,                        *    [UNPUBLISHED]
also known as Jose Howard Canter,            *
also known as Josea Juan Cantu,              *
                                             *
            Appellant.                       *

_____

Submitted: December 4, 2007
    Filed: December 6, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Leopoldo Aguado-Guel pleaded guilty to illegally reentering the United States after being deported subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). The district court[1] sentenced Aguado-Guel to 77 months in prison and 3 years of supervised release. On appeal, counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Aguado-Guel has filed

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

a pro se supplemental brief, in which he argues that his attorney and the government agreed that reference to a prior state felony conviction for unauthorized use of a motor vehicle would be removed from the indictment because the state court misclassified it as a felony conviction and the state parole board had "acquitted him." He also disputes the facts underlying a family-violence conviction that accounted for a 16-level increase in his offense level.

Aguado-Guel may not collaterally attack his prior state court convictions. See United States v. Levering, 431 F.3d 289, 294 (8th Cir. 2005), cert. denied, 126 S. Ct. 2366 (2006). Further, he provides no support for his contention that the government and his counsel had agreed to remove from the indictment any reference to the prior felony conviction, and any complaint he has about his counsel should be raised, if at all, in an ineffective-assistance-of-counsel claim under 28 U.S.C. § 2255. To the extent Aguado-Guel argues that his family-violence conviction did not trigger the 16-level enhancement he received, counsel did not raise that argument at sentencing, and we find the court did not err (plainly or otherwise) in applying the enhancement. See U.S.S.G. § 2L1.2(b)(1)(A) (offense level is increased 16 levels if defendant was previously deported after felony conviction for crime of violence); United States v. Allmon, 500 F.3d 800, 806 (8th Cir. 2007) (standard of review); United States v. Lopez-Zepeda, 466 F.3d 651, 653 (8th Cir. 2006) (categorical approach used to determine whether prior conviction was for crime of violence).

We have also carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we deny Aguado-Guel's motions to supplement the record. The judgment is affirmed.

_____