# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3334

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Artemio Norberto Reyes-Solano, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 13, 2008
Filed: September 26, 2008

_____

Before LOKEN, Chief Judge, BYE and COLLOTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Artemio Norbert Reyes-Solano pleaded guilty to violating 8 U.S.C. § 1326(a) by illegally reentering the country following deportation. At sentencing, the district court agreed with the government that Reyes-Solano's extensive criminal history included "three or more convictions for misdemeanors that are crimes of violence" and imposed a four-level increase under U.S.S.G. § 2L1.2(b)(1)(E), resulting in an advisory guidelines sentencing range of 15-21 months in prison. The court applied an upward variance under United States v. Booker, 543 U.S. 220 (2005), and sentenced Reyes-Solano to twenty-two months in prison. He appeals that sentence, challenging the four-level increase and the district court's calculation of criminal history points. Reviewing these issues of law *de novo*, we conclude that the district

court erred in applying <u>Shepard v. United States</u>, 544 U.S. 13 (2005), to Reyes-Solano's prior Mississippi convictions for domestic assault and assault of a police officer, an error that undermines the § 2L1.2(b)(1)(E) four-level increase. <u>See</u> <u>United States v. Gomez-Hernandez</u>, 300 F.3d 974, 977 (8th Cir. 2002) (standard of review), <u>cert. denied</u>, 537 U.S. 1138 (2003). Though the district court's upward variance suggests this guidelines error may have been harmless, the four-level increase substantially impacted the advisory guidelines range. Therefore, we conclude it is prudent to remand for resentencing.

## I.

Reyes-Solano came to the United States in 1980. He lived and worked in several States, had repeated run-ins with the law, and was deported in 2004. The Presentence Investigative Report (PSR) listed ten pre-removal convictions in four States; six included assault, domestic abuse, or resisting arrest offenses. After illegally reentering, Reyes-Solano pleaded guilty to aggravated assault for stabbing a man in the stomach after a fight. A South Dakota state court sentenced him to ten years in prison. This federal illegal reentry prosecution followed.

Congress has prescribed greatly increased maximum sentences for aliens who are convicted of illegal reentry if they were removed after committing an aggravated felony (twenty years), a felony other than an aggravated felony (ten years), or three or more misdemeanors involving drugs or crimes against the person (ten years). <u>See</u> 8 U.S.C. §§ 1326(b)(1), (2). In most other cases, the maximum sentence is two years. § 1326(a). Reflecting this statutory progression, § 2L1.2(b)(1) of the now-advisory Sentencing Guidelines provides a sliding scale of offense level increases for these types of prior convictions, beginning with a sixteen-level increase for the most serious felonies, and ending in subpart (E) with a four-level increase for "three or more convictions for misdemeanors that are crimes of violence." "Crime of violence" is defined as including twelve enumerated offenses (none at issue in this case), "or any

other federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(B)(iii)).[1]

The PSR initially recommended a four-level increase under § 2L1.2(b)(1)(E) based upon Reyes-Solano's three pre-removal convictions in Washington State for "Assault 4th Degree." Reyes-Solano objected that this offense was not a crime of violence. The Probation Officer agreed and lowered the recommended offense level by four levels, which resulted in a recommended advisory guidelines range of 6-12 months in prison. The government's pre-sentencing Memorandum reluctantly conceded that "without more" the record would not establish that Reyes-Solano's prior convictions were crimes of violence; it urged the court to consider an upward Booker variance because Reyes-Solano's recent aggravated assault conviction and his many pre-removal convictions demonstrate that he is "an extremely dangerous individual."

Just before sentencing, the prosecutor obtained, disclosed to defense counsel, and introduced at the hearing a Spanish-language plea document from one of the Washington State fourth degree assault convictions. This court record included a handwritten note in English stating, "I offensively touched another person, not in self defense and [without] their consent. I threw a chair at my friend." At the hearing, Reyes-Solano testified in support of his contention that four Mississippi convictions should not be counted as criminal history points because he was not provided an interpreter, which rendered his guilty pleas not knowing and voluntary. On cross exam, Reyes-Solano admitted that a 1998 Mississippi conviction for fourth degree domestic assault was based on an altercation in which he struck one of his roommates, and a 1999 assault conviction was for striking or attempting to strike a police officer.

---

[1]For an explanation of why this sliding scale was adopted, see U.S.S.G. App. C amend. 632 (eff. Nov. 1, 2001).

-3-

The government argued that the Washington State court document and Reyes-Solano's testimony regarding the two Mississippi convictions met the government's burden to prove that he has three pre-removal misdemeanor convictions for crimes of violence. The district court agreed and imposed a four-level increase under § 2L1.2(b)(1)(E). The court also rejected Reyes-Solano's criminal history point contention, and it imposed a one-month upward <u>Booker</u> variance.

## II.

In determining whether a pre-removal conviction based on a guilty plea was for a crime of violence under § 2L1.2(b)(1), we apply the "categorical approach" prescribed in <u>Shepard</u>, 544 U.S. at 26. Under this approach, we must "look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to [Reyes-Solano's pre-removal] crime." <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 7 (2004). However, "[i]f the statute criminalizes both conduct that would qualify as a crime of violence and conduct that would not, the court may consider the terms of the charging document or plea agreement as well as a transcript in which the defendant confirmed the factual basis for his plea in order to determine whether the prior conviction was for a crime of violence." <u>United States v. Lopez-Zepeda</u>, 466 F.3d 651, 653 (8th Cir. 2006); <u>see</u> <u>United States v. Vazquez-Garcia</u>, 449 F.3d 870, 873 (8th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1149 (2007).

In this case, the government argues that Reyes-Solano's admissions under oath at the sentencing hearing met its burden to prove that two Mississippi misdemeanor assault convictions were crimes of violence. However, this argument focuses on the second step of the categorical approach, a step that is limited to "a narrow range of cases" where analysis of the elements of the offense is inconclusive because the statute is overinclusive. <u>Shepard</u>, 544 U.S. at 17 (quotation omitted). Here, the government could not obtain any court records of the Mississippi convictions, and therefore the record before the district court does not identify the state statutes or local

-4-

ordinances that Reyes-Solano pleaded guilty to violating. As the elements of the offenses are unknown, the district court erred in concluding that those offenses were crimes of violence applying the categorical approach of <u>Shepard</u>. Absent state court records identifying the offense of conviction, from which the elements of that offense may be determined, the testimony of Reyes-Solano at sentencing is not sufficient proof that actual, attempted, or threatened use of force was an element of the offense and not merely conduct incidental to an offense whose essential elements did not include the use of force. Accordingly, on this record the four-level increase under § 2L1.2(b)(1)(E) was improperly imposed.[2]

Reyes-Solano further contends that the district court erred in including the Washington State fourth degree assault conviction because the plea document establishes that he was convicted of "offensive touching," an offense that does not include the element of force, even if the particular facts of his violation included the use of force. The government responds that the statute is overinclusive, triggering the modified categorical approach approved in <u>Shepard</u>, and that the English notation, "I threw a chair at my friend," establishes that he pleaded guilty to a crime of violence. We conclude that we need not consider this issue because, with the two Mississippi assault convictions excluded, the government has in any event failed to prove the three pre-removal crimes of violence required to impose the four-level increase. For cases in other circuits that have discussed whether Washington State assault convictions were crimes of violence, see <u>United States v. Sanchez-Torres</u>, 136 F. App'x 644, 647-48 (5th Cir. 2005) (unpublished), and <u>United States v. Pimentel-Flores</u>, 339 F.3d 959, 969 (9th Cir. 2003).

---

[2]In its brief on appeal, the government identified current Mississippi statutes defining various assault offenses. <u>See</u> Miss. Code Ann. §§ 97-3-7(1)-(4). For many reasons, this showing was both inadequate and untimely.

## III.

Finally, Reyes-Solano argues that the district court erred in counting his Mississippi convictions as criminal history points because he was not represented by counsel, and the state courts' failures to appoint Spanish language interpreters rendered his guilty pleas not knowing and voluntary. The district court rejected this contention on the ground that Mississippi law afforded Reyes-Solano the right to counsel, and he waived that right. We agree.

Deprivation of the constitutional right to counsel is the only ground upon which a prior conviction used to enhance a federal sentence may be collaterally attacked. Custis v. United States, 511 U.S. 485, 487 (1994). Reyes-Solano had the burden to demonstrate by a preponderance of the evidence that his uncounseled convictions were constitutionally invalid. United States v. Stapleton, 316 F.3d 754, 756 (8th Cir. 2003). He testified that he does not understand court proceedings in English and was not provided an interpreter in the Mississippi proceedings. But he admitted that he understood the charges to which he pleaded guilty, and he did not testify that he was unaware of his right to counsel or that his waiver of that right was constitutionally infirm. On this record, the district court did not err in ruling that Reyes-Solano failed to prove a deprivation of the right to counsel and in counting these convictions, which placed Reyes-Solano in criminal history category IV. See U.S.S.G. § 4A1.2, comment. (backg'd) ("Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences, where imprisonment was not imposed."); United States v. Thomas, 20 F.3d 817 (8th Cir. 1994) (en banc).

We vacate the judgment of the district court and remand for resentencing.

_____