**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4015**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT GARTRELL BOWLING,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:09-cr-00894-HMH-1)

Submitted:  July 5, 2011                    Decided: August 2, 2011

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Columbia, South Carolina, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Robert Gartrell Bowling of one count of conspiracy to utter and possess counterfeit securities in violation of 18 U.S.C. § 513; two counts of unlawful possession and/or transfer of five or more identification documents in violation of 18 U.S.C. § 1028(a)(3); two counts of aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1); two counts of being a felon in possession of a fire arm in violation of 18 U.S.C. § 922(a)(1); and one count of assault on a federal officer in violation of 18 U.S.C. § 111(a)(1). The district court sentenced Bowling to a term of imprisonment of 192 months. Bowling appeals, challenging some of his convictions and his sentence. Finding no error, we affirm.

First, Bowling claims that the district court erred in instructing the jury. Because Bowling failed to object to the jury instructions, we review for plain error. United States v. Robinson, 627 F.3d 941, 953-54 (4th Cir. 2010). Bowling contends that the district court plainly erred by failing to instruct the jury that the identity documents at issue in the two § 1028(a)(3) counts must be false. He further contends that since the § 1028(a)(3) counts provided the predicate for the § 1028(a)(1) counts, the instructions as to the § 1028(a)(1) counts were also erroneous. This argument fails because § 1028(a)(3) criminalizes not just the possession of false

2

identification documents, but also possession of genuine identification documents with the intent to use or transfer unlawfully. See 18 U.S.C. § 1028(a)(3). Accordingly, the district court did not err in its instructions.

Bowling next contends that the two § 1028(a)(1) counts were multiplicitous with the two § 1028(a)(3) counts. Because he failed to timely raise this contention before the district court, we again review for plain error. United States v. Jarvis, 7 F.3d 404, 410 (4th Cir. 2010). An indictment is multiplicitous if "a single offense was charged in multiple" counts when, in law and fact, only one crime was committed. United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005). However, "[i]t is well-settled that a defendant may be charged and prosecuted for the same statutory offense multiple times when each prosecution is based on discreet acts that each constitute a crime." Id. at 208. The record contains ample evidence of discreet acts from which the jury could convict Bowling for both aggravated identity theft in violation of § 1028(a)(1) and possession of false identification documents in violation of § 1028(a)(3).

Finally, Bowling argues that the court erred in applying a reckless endangerment enhancement to his sentence. We review the application of a sentencing enhancement for clear error. United States v. Carter, 601 F.3d 252, 254 (4th Cir.

3

2010).  Again, evidence in the record amply supports the application of the reckless endangerment enhancement.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4