# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3396

_____

United States of America,            *
                                             *

Appellee,                 *

                                    *   Appeal from the United States

v.                      *   District Court for the District

                                    *   of South Dakota.

Jose Frausto-Vasquez,         *

                                    *   [UNPUBLISHED]

Appellant.              *

_____

Submitted: May 13, 2011
Filed: September 12, 2011

_____

Before WOLLMAN, BYE and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jose Frausto-Vasquez pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). At sentencing, the district court[1] calculated a total offense level of 10 and a Category V criminal history, resulting in a Sentencing Guidelines range of 21 to 27 months imprisonment. The total offense level was based in part on the district court's conclusion that Frausto-Vasquez had three prior convictions for crimes of violence under United States Sentencing Commission, Guidelines Manual,

_____

[1]The Honorable Karen E. Schreier, Chief United States District Judge for the District of South Dakota.

§2L1.2(b)(1)(E). The district court sentenced Frausto-Vasquez to 21 months imprisonment, and Frausto-Vasquez appeals, claiming the district court erroneously deemed one of his prior convictions—a 2003 Wisconsin conviction for disorderly conduct—to be a crime of violence. Reviewing the district court's factual findings for clear error and its application of the Guidelines de novo, United States v. Vasquez-Garcia, 449 F.3d 870, 872 (8th Cir. 2006), we affirm.

Under section 2L1.2(b)(1)(E), a "crime of violence" includes, among other specifically enumerated offenses, any "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §2L1.2 comment. (n.1(B)(iii)). To determine whether a prior conviction was a crime of violence, we typically apply the categorical approach and "look to the elements and the nature of the offense of conviction, rather than to the particular facts related to [the prior] crime." United States v. Reyes-Solano, 543 F.3d 474, 477 (8th Cir. 2008) (quotation omitted). But if the prior conviction was for violating a statute that criminalizes both conduct that would qualify as a crime of violence and conduct that would not, we use the modified categorical approach and look to "the terms of the charging document or plea agreement as well as a transcript in which the defendant confirmed the factual basis for his plea to determine whether the prior conviction was for a crime of violence." Id. (quotation omitted).

Frausto-Vasquez's 2003 conviction was for disorderly conduct. The applicable Wisconsin statute states, "Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor." Wis. Stat. § 947.01. Because the parties agreed that the statute criminalizes conduct that would qualify as a crime of violence as well as conduct that would not, the district court applied the modified categorical approach. Accordingly, the district court relied on three pieces of

evidence submitted by the Government at sentencing to find that Frausto-Vasquez's 2003 conviction is a crime of violence.

First, the district court looked to the criminal complaint filed in the 2003 prosecution. The court noted that the heading for Count 1 is "Disorderly Conduct, Domestic Abuse." Under this heading, the criminal complaint alleges that Frausto-Vasquez engaged in conduct that violated both section 947.01—the disorderly conduct statute—and section 968.075(1)(a)—a statute defining domestic abuse. Therefore, the court concluded that Frausto-Vasquez's conviction for Count 1 necessarily relied on facts that show he committed disorderly conduct through acts that constitute domestic abuse, as defined in section 968.075(1)(a).

The district court then considered the probable cause statement contained in the 2003 criminal complaint as well as a transcript of the change-of-plea hearing from the 2003 conviction. According to the probable cause statement, on June 20, 2003, Frausto-Vasquez slapped his girlfriend twice following a verbal argument. Later that day, following another argument, Frausto-Vasquez again "slapped [his girlfriend] in the face and also hit her once in the chest and shoulder." The accuracy of this factual summary was confirmed by Frausto-Vasquez during his change-of-plea hearing for the 2003 conviction when he was asked by the court, "Is the information in the complaint correct?" to which Frausto-Vasquez answered, "Yes."

On appeal, Frausto-Vasquez argues it was error for the district court to consider these documents in determining that his 2003 conviction was for a crime of violence. First, Frausto-Vasquez contends that the probable cause statement cannot be considered under a modified categorical approach because he pled "no contest" for his 2003 conviction and therefore did not actually admit to the acts alleged in the probable cause statement. Under Wisconsin law, however, a plea of "no contest" is a judicial admission to "all the material facts alleged in the complaint," so long as the defendant was aware of the information in the complaint and the consequences of his plea. See

State v. Liebnitz, 603 N.W.2d 208, 213-14 (Wis. 1999); see also State ex rel. Warren v. Schwarz, 579 N.W.2d 698, 706 (Wis. 1998) ("We have frequently held that a plea of no contest places the defendant in the same position as though he had been found guilty by the verdict of a jury."). Moreover, the colloquy during the change-of-plea hearing for the 2003 conviction shows that Frausto-Vasquez acknowledged that all the information in the criminal complaint was correct. Thus, the district court appropriately considered all factual statements within the criminal complaint despite Frausto-Vasquez's prior plea of no contest. See United States v. Vinton, 631 F.3d 476, 486 (8th Cir. 2011); United States v. Stults, 575 F.3d 834, 846 (8th Cir. 2009).

Frausto-Vasquez also argues that the district court should not have considered the probable cause statement because it was based on police reports. For this argument, he cites our prior decisions in United States v. Vasquez-Garcia, 449 F.3d 870 (8th Cir. 2006) and United States v. Williams, 627 F.3d 324 (8th Cir. 2010). However, neither Vasquez-Garcia nor Williams addressed the issue of whether a district court may consider portions of a probable cause statement—which is part of a criminal complaint—from a prior conviction. Indeed, the Supreme Court has previously clarified that a charging document from a prior conviction may be considered under the modified categorical approach. Shepard v. United States, 544 U.S. 13, 16 (2005). Therefore, Frausto-Vasquez's argument fails.

Frausto-Vasquez next argues that the inclusion of section 968.075(1)(a) under Count 1 of his 2003 criminal complaint does not show he committed a crime of violence because section 968.075(1)(a) is merely a "procedural statute" and did not add an element to his disorderly conduct charge. The inclusion of section 968.075(1)(a) in the criminal complaint, however, is relevant under the modified categorical approach. Because section 968.075(1)(a) defines acts of domestic abuse, its inclusion in the criminal complaint for Count 1 supports the conclusion that Frausto-Vasquez committed disorderly conduct through "violent" conduct. The district court did not err in considering this portion of the 2003 criminal complaint.

Finally, Frausto-Vasquez contends that the district court improperly considered the transcript from his 2003 change-of-plea hearing because it was conducted through an interpreter. This contention is without merit. Nothing in the record suggests Frausto-Vasquez did not understand the proceedings or that an incorrect translation occurred. Thus, the district court could properly consider the transcript from the 2003 change-of-plea hearing.

We affirm.

BYE, Circuit Judge, concurring in the judgment.

For largely the same reasons set forth in my dissent in a recent case considered by this panel, United States v. Linngren, _ F.3d _, 2011 WL 3802781 (8th Cir. 2011), I write separately to express my disagreement with the majority in its treatment of the probable cause statement and its reliance on United States v. Vinton, 631 F.3d 476 (8th Cir. 2011). Namely, Vinton is distinguishable from the majority's cited proposition because it dealt only with the fact of conviction itself. 631 F.3d at 486. Moreover, the charging document in that case did not include a probable cause statement at all; rather, the charging language precisely tracked the relevant subsection of the statute at issue.

Nonetheless, I concur in the majority's decision because, unlike Linngren, the terms of the charging document here indicate Jose Frausto-Vasquez was necessarily convicted of a crime of violence because the disorderly conduct charge was narrowed to "an act of domestic abuse." Furthermore, unlike Linngren, Frausto-Vasquez expressly adopted the information in the complaint during his plea colloquy. Under these circumstances, the district court properly concluded Frausto-Vasquez's 2003 Wisconsin conviction for disorderly conduct was a crime of violence under the modified categorical approach. Therefore, I concur in the majority's decision to affirm the district court.

_____