**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4037**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TONY LEE MILLER,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:10-cr-00028-IMK-1)

_____

Submitted:  October 28, 2011          Decided:  November 16, 2011

_____

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Brandon S. Flower, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Lee Miller appeals his conviction, following a jury trial, of possessing a prohibited object while incarcerated, in violation of 18 U.S.C. § 1791(a)(2) (2006), and the resulting thirty-month sentence. Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this Court to review whether the district court had jurisdiction over Miller. In his pro se supplemental brief, Miller argues that the district court lacked jurisdiction, that he received ineffective assistance of counsel, and that the district court committed sentencing errors. The Government filed a responsive brief.

"'Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts.'" United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006) (quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999). In a federal criminal prosecution, "[p]ersonal jurisdiction is supplied by the fact that [the defendant] is within the territory of the United States." United States v. Burke, 425 F.3d 400, 408 (7th Cir. 2005). Here, Miller was incarcerated in a United States penitentiary and charged with violating a law of the

United States, 18 U.S.C. § 1791. Thus, the district court had personal and subject matter jurisdiction over Miller's prosecution.

Next, Miller argues that trial counsel's representation was constitutionally deficient because he failed to contest the district court's jurisdiction. Miller's appellate counsel addressed multiple grounds on which trial counsel might have rendered ineffective assistance.

To establish ineffective assistance of counsel, Miller must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance resulted in prejudice to Miller. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Trial counsel's ineffectiveness does not conclusively appear on this record. Accordingly, Miller must bring his claims under 28 U.S.C.A. § 2255 (West Supp. 2011) in order to allow for adequate development of the record. See United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

Turning to Miller's sentence, we review the imposed sentence for reasonableness, applying an abuse-of-discretion

standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this Court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence is reviewed for substantive reasonableness by examining the "totality of the circumstances." Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume that a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In his pro se supplemental brief, Miller argues that the district court committed plain error in assigning three criminal history points for a 1992 Florida conviction because he was not represented by counsel and did not waive his right to counsel.

Generally, a defendant may not collaterally attack prior convictions used to enhance his sentence. United States v. Bacon, 94 F.3d 158, 162 (4th Cir. 1996). However, in Custis v. United States, 511 U.S. 485 (1994), the Supreme Court

4

held that convictions obtained in violation of the right to counsel fell outside the general rule. Id. at 487. The defendant bears the burden of proof on such claim, because "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Parke v. Raley, 506 U.S. 20, 31 (1992); see also United States v. Reyes-Solano, 543 F.3d 474, 478 (8th Cir. 2008). Miller's conclusory allegation that his 1992 Florida conviction was obtained in violation of his right to counsel is insufficient to carry this burden.

Miller also argues that counsel and the district court prevented him from objecting to the presentence report ("PSR"). This contention is contradicted by the record. Miller's objections were not related to the PSR and, in any event, the district court gave Miller ample opportunity to voice his objections during his allocution.

In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious issues. Accordingly, we affirm Miller's conviction and sentence. We deny Miller's motion for transcripts of the pretrial proceedings at government expense. This Court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review. If Miller requests

5

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>