**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4738**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ROBERT GARTRELL BOWLING,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:09-cr-00894-HMH-1)

———————

Submitted:  March 24, 2014      Decided:  April 10, 2014

———————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Robert Gartrell Bowling guilty of: one count of conspiracy to make, pass, and possess counterfeit checks of organizations doing business in interstate commerce, in violation of 18 U.S.C. § 371 (2012) ("Count 1"); two counts of possession with intent to use or transfer five or more identification documents or false identification documents, in violation of 18 U.S.C. § 1028(a)(3) (2012) ("Counts 2 and 9"); two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012); one count of unlawful possession of a firearm and ammunition that traveled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) (2012); and one count of forcibly assaulting a Special Deputy U.S. Marshall who was engaged in the performance of his official duties, in violation of 18 U.S.C. § 111(a)(1), (b) (2012). The district court sentenced Bowling to 192 months in prison and ordered him to pay $222,283.98 in restitution. This court affirmed the district court's judgment. See United States v. Bowling, 442 F. App'x 72 (4th Cir. 2011) (No. 11-4015) (unpublished).

Bowling timely filed a pro se 28 U.S.C. § 2255 (2012) motion raising several ineffective assistance of counsel claims. The district court found that all but one of Bowling's ineffective assistance claims were meritless. With regard to Bowling's claim that counsel was ineffective for failing to

object to his presentence investigation report's ("PSR") inclusion of the incorrect statutory maximum sentence for the § 1028 offenses, the district court found that Bowling was sentenced under an incorrect subsection of that statute and, thus, determined that Bowling had to be resentenced.

A new PSR was generated that was virtually identical to the first PSR, except that the correct statutory maximum sentence was identified for the § 1028 convictions. At resentencing,[1] the district court immediately clarified its position that the parties were "starting over completely fresh as if that never happened, that other sentencing. So [Bowling] can raise any objection." The district court adopted the Guidelines range as calculated in Bowling's revised PSR, afforded counsel an opportunity to argue regarding the 18 U.S.C. § 3553(a) (2012) factors relevant to Bowling's case, and afforded Bowling an opportunity to allocute. The district court

---

[1] Before he was resentenced, Bowling filed a pro se notice of appeal purporting to appeal the portion of the district court's order denying the majority of his habeas claims. That appeal was dismissed as interlocutory. See United States v. Bowling, ___ F. App'x ___, 2013 WL 6135801 (4th Cir. 2013) (No. 13-7166) (unpublished). Bowling has since been allowed to file an additional appeal to challenge the district court's adverse habeas determinations. (4th Cir. Appeal No. 14-6338). As we are faced here only with Bowling's challenges to his new sentence, by our disposition in this appeal, we express no opinion as to Bowling's habeas claims, which have yet to be reviewed by this court.

3

once again sentenced Bowling to 192 months in prison and again ordered him to pay $222,283.98 in restitution. Bowling timely appealed.

On appeal, Bowling asserts that his offense level was improperly enhanced in two respects. First, he maintains that the district court erred by increasing the offense level of his grouping of fraud offenses by six levels pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3A1.2(c)(1) (2012) (requiring six-level increase if defendant knowingly assaults a law enforcement officer during the course of the offense or flight therefrom). Second, he contends that there was no showing that he intended to inflict the amount of loss attributed to him, so the district court erred by further increasing his fraud offense level by twelve levels under USSG § 2B1.1(b)(1)(G) (2012) (requiring that offense level be increased twelve levels if the loss exceeded $200,000).[2] Bowling also asserts that he should not have been assigned three

---

[2] Bowling also argues that these enhancements violate the Sixth Amendment because he did not admit to their factual bases, nor were such facts proven to a jury. We reject this argument because there is no indication that the district court treated the Guidelines as mandatory, and Bowling's sentence is within the statutory maximums authorized for the respective offenses. See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict.").

4

criminal history points for his prior conviction for failure to stop for a blue light because he did not effectively waive his right to counsel for that conviction. Finally, Bowling contends that the district court erred when it calculated the amount he owes in restitution. Bowling has also filed a motion to file a pro se supplemental brief. For the reasons that follow, we deny his motion to file a pro se supplemental brief and affirm his sentence.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2012)] for a sentence different than the one ultimately imposed"). In conducting this review, we must first examine the sentence for significant procedural error, including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" Gall, 552 U.S. at 51. In reviewing the district court's application of the Guidelines, we review findings of fact for clear error and

questions of law de novo.  United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

Bowling's arguments to the contrary, we discern no error in the district court's Guidelines range calculation. First, we reject Bowling's argument that the district court erred when it increased his fraud offense level six levels, pursuant to USSG § 3A1.2(c)(1).  Under that provision, an offense level is to be increased six levels if, "in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom[.]"

According to Bowling, while this increase may have been an appropriate increase to the offense level for his assault of a federal officer offense, the increase was inappropriately applied to his fraud offense grouping.[3]  Specifically, Bowling asserts that "[h]ad the enhancement been properly applied under

---

[3] Bowling does not assert that the six-level enhancement was erroneously applied, only that it was included in the incorrect offense grouping.  Bowling also does not assert that Counts 1, 2, and 9 were improperly grouped together in accordance with USSG § 3D1.2(d) (2012) ("All counts involving substantially same harm shall be grouped together into a single Group . . . [w]hen the offense level is determined largely on the basis of the total amount of harm or loss[.]").

6

the assault guidelines group, it would have given [him] a total offense level of 27, subjecting him to a guidelines range of 100 to 125 months and greatly affecting his degree of exposure at sentencing." For support, Bowling relies on United States v. Kleinebreil, 966 F.2d 945, 954 (5th Cir. 1992) (holding that "because the assault count was not grouped with the marijuana counts," the district court erred in increasing the offense level for the marijuana convictions under USSG § 3A1.2, and also increasing the assault count).

Bowling's argument is meritless. First, unlike in Kleinebreil, only Bowling's fraud grouping offense level was increased under this enhancement. Thus, there was no double-counting. In addition, at the time Bowling injured the officer upon which the enhancement was based, Bowling was fleeing from authorities and had in his possession the identification documents that formed the basis for Count 9. Accordingly, we discern no error in the PSR's application of the § 3A1.2 enhancement to the fraud offense grouping. See USSG § 3A1.2 cmt. n.4(A) (recognizing that "[s]ubsection (c) may apply in connection with a variety of offenses that are not by nature targeted against official victims").

We also discern no error in the district court's decision to enhance Bowling's offense level under USSG § 2B1.1(b)(1)(G). Under USSG § 2B1.1, "loss" is the greater of

7

actual loss or intended loss. USSG § 2B1.1 cmt. n.3(A) (2012). Actual loss is "the reasonably foreseeable pecuniary harm that resulted from the offense[,]" and intended loss is "the pecuniary harm that was intended to result from the offense" and "includes intended pecuniary harm that would have been impossible or unlikely to occur[.]" USSG § 2B1.1 cmt. n.3(A)(i)-(ii) (2012).

In making "loss" calculations, the sentencing court is instructed to hold the defendant "responsible for the amount of loss which was intended, not the actual loss ultimately sustained[.]" United States v. Loayza, 107 F.3d 257, 266 (4th Cir. 1997) (refusing to apply net loss theory and credit payments made to victims of Ponzi scheme against amount of loss intended by perpetrator). Indeed, this court has held that the "Guidelines permit courts to use intended loss in calculating a defendant's sentence, even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." United States v. Miller, 316 F.3d 495, 502 (4th Cir. 2003).

In this case, the Government established that Bowling's crimes resulted in a total loss (actual and intended) of $356,981.44. Although Bowling objected that he did not intend to take all of the money for which the counterfeit checks were written, and speculated that some of the checks may have

8

been old or canceled, Bowling presented no evidence to contradict the Government's evidence that at the time of his arrest, Bowling was in possession of numerous checks totaling at least $200,000. Accordingly, we conclude that the district court did not err in applying the USSG § 2B1.1(b)(1)(G) enhancement to his offense.

We also reject Bowling's assertion that three criminal history points were improperly attributed to him for his 2005 South Carolina conviction for failure to stop for a blue light. Although Bowling asserts he did not have counsel at the time he pled guilty to that offense, and did not "knowingly, intelligently and unequivocally waive his right to counsel[,]" a defendant generally may not collaterally attack prior convictions used to enhance his sentence. United States v. Bacon, 94 F.3d 158, 162 (4th Cir. 1996).

To be sure, the Supreme Court held in Custis v. United States, 511 U.S. 485, 487 (1994), that convictions obtained in violation of the right to counsel fall outside this general rule. But the defendant nonetheless bears the burden of proof if he chooses to challenge a prior conviction, because "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Parke v. Raley, 506 U.S. 20, 31

9

(1992); see also United States v. Reyes-Solano, 543 F.3d 474, 478 (8th Cir. 2008) (holding that when defendant claims prior convictions resulting in criminal history points were obtained in violation of right to counsel, he must demonstrate by a preponderance of the evidence that prior convictions were constitutionally invalid).

Bowling's conclusory assertions to the contrary, the record establishes that at the time Bowling pled guilty to the failure to stop for a blue light offense, the state court engaged Bowling in a colloquy during which Bowling: (1) was offered counsel; (2) expressly declined counsel; (3) was sober; (4) expressed a desire to plead guilty; and (5) knew he was receiving a good plea deal. In fact, during his self-representation, Bowling was able to secure a plea deal of two years suspended to one year of probation. Given Bowling's lucidity, experience with the criminal justice system at the time of the prior conviction, and the fact that he was able to secure for himself a good plea deal, it was not error for the district court to reject Bowling's argument that he should not be assigned criminal history points for his prior conviction.

Finally, we reject Bowling's argument that the district court abused its discretion when it ordered him to pay $222,283.98 in restitution because the amount was allegedly "speculative and was not proven by the Government by a

preponderance of the evidence." Under the Guidelines, a sentencing court "need only make a reasonable estimate of the loss." USSG § 2B1.1, cmt. n.3(C) (2012). In fact, the Guidelines recognize that a "sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence." Id. "For this reason, the court's loss determination is entitled to appropriate deference." Id.

Thus, we review a trial court's restitution order for abuse of discretion. See United States v. Harvey, 532 F.3d 326, 339 (4th Cir. 2008). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." See United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013) (internal quotation marks and citation omitted).

We discern no abuse of discretion by the district court. The district court attached the names of the individual restitution payees and the amount owed to each, which totaled $222,283.98, as an addendum to the amended judgment. This amount was derived by attributing to Bowling $17,502.63, which is one half of the hard loss associated with Count 1, and adding $204,781.35, which is the loss tied to the account numbers used by Bowling. The Government offered at the first sentencing, and

11

the case agent confirmed, that the $204,781.35 was derived from taking the account numbers of stolen checks in Bowling's possession and checks that he was negotiating, and then providing them to a Postal Inspection Service analyst who ran the account numbers with the merchants and came up with the loss amount.

Although the Government offered to have the case agent elaborate on the loss calculations, the district court did not require the Government to present the agent's testimony and Bowling presented only speculation to suggest that the Government's calculations were incorrect. Accordingly, Bowling has not established that the district court relied on erroneous factual or legal premises, or committed an error of law, warranting a vacatur of the restitution order.

Based on the foregoing, we deny Bowling's motion to file a pro se supplemental brief and affirm his 192-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

12